IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| **JAZ'MIN FRANKS**, | ) | |
| | ) | |
| PLAINTIFF, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division No. _____ |
| | ) | |
| **GUCKENHEIMER** | ) | |
| **ENTERPRISES, INC.**, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SERVE: | ) | |
| NATIONAL CORPORATE | ) | |
| RESEARCH, LTD. | ) | |
| 9666 OLIVE BLVD., STE. 690 | ) | |
| ST. LOUIS, MO 63132 | ) | |
| | ) | |
| DEFENDANT. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for her Petition for Damages states:

### Nature of Action

1. This action is brought pursuant to the Missouri Human Rights Act (hereinafter MHRA), Chapter 213, RSMo.

### Parties

2. Plaintiff is an adult African-American female and a citizen of the State of Missouri.

3. Defendant Guckenheimer Enterprises, Inc. is and was a foreign corporation registered to do business in Missouri.

4. At all times relevant herein, Defendant was an employer within the meaning of § 213.010(7) of the MHRA in that employed more than six employees in the State of Missouri.



## Jurisdiction & Venue

5. Jurisdiction and venue are conferred on this Court pursuant to § RSMo. 213.111.

6. All or a substantial part of the unlawful discriminatory practices alleged below occurred in St. Louis City, Missouri.

## Procedural Prerequisites

7. On or about August 20, 2018, Plaintiff timely submitted a charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC) (through dual filing), wherein Plaintiff alleged Defendant unlawfully discriminated against her based on race, sex/gender, and retaliation.

8. On or about February 19, 2019, the MCHR issued its Notice of Right to Sue with regard to Plaintiff's Charge, and Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue. See Exhibit 1, which is attached hereto and incorporated herein.

## Factual Allegations

9. Defendant is a food service company that, among other things, provides on-site corporate food services.

10. Plaintiff became employed as a food prep worker in Defendant's facility located at 4474 Chouteau Avenue, St. Louis, MO 63110, on January 2, 2018.

11. Both of Plaintiff's immediate supervisors were Caucasian women.

12. In March, 2018, Plaintiff's supervisors became hostile towards her.

13. Her supervisors were also hostile towards other African-American individuals working under their supervision, as well as other females working under their supervision.

14. On at least one occasion, her supervisor used the "n word" in her presence.

15. Plaintiff complained to HR and others but no corrective action was taken.

16. In fact, HR blamed Plaintiff for the hostile work environment.

17. On April 6, 2018, Plaintiff was given a Corrective Action Report by her supervisor.

18. Plaintiff refused to sign the Corrective Action Report, and indicated: "Jaz'min will be giving her own written account to HR on the harassment taking place. Coming from her manager Heather as well as Leslie."

19. On April, 15, 2018, Plaintiff resigned because she could no longer handle the work environment as it was negatively affecting her health.

### Count I – Retaliation/Constructive Discharge

20. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

21. Plaintiff resigned on or about April 15, 2018.

22. At the time of Plaintiff's resignation, her working conditions had become intolerable such that Plaintiff was compelled to resign.

23. Moreover, a reasonable person in Plaintiff's situation would find the working conditions intolerable.

24. Defendant either intended to force Plaintiff to resign, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign.

25. Plaintiff's opposition to discrimination was a motivating factor to Defendant's discriminatory actions against Plaintiff.

26. Plaintiff was damaged as a result of Defendant's discriminatory actions.

27. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count II – Race/Constructive Discharge

28. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

29. Plaintiff resigned on or about April 15, 2018.

30. At the time of Plaintiff's resignation, her working conditions had become intolerable such that Plaintiff was compelled to resign.

31. Moreover, a reasonable person in Plaintiff's situation would find the working conditions intolerable.

32. Defendant either intended to force Plaintiff to resign, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign.

33. Plaintiff's race was a motivating factor to Defendant's discriminatory actions against Plaintiff.

Electronically Filed - City of St. Louis - May 16, 2019 - 12:52 PM

34. Plaintiff was damaged as a result of Defendant's discriminatory actions.

35. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

## Count III – Gender/Constructive Discharge

36. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

37. Plaintiff resigned on or about April 15, 2018.

38. At the time of Plaintiff's resignation, her working conditions had become intolerable such that Plaintiff was compelled to resign.

39. Moreover, a reasonable person in Plaintiff's situation would find the working conditions intolerable.

40. Defendant either intended to force Plaintiff to resign, or Defendant could reasonably foresee that its actions would cause Plaintiff to resign.

41. Plaintiff's gender was a motivating factor to Defendant's discriminatory actions against Plaintiff.

42. Plaintiff was damaged as a result of Defendant's discriminatory actions.

43. Defendant's conduct as set forth above was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally discriminated against Plaintiff without just cause or excuse in violation of the Missouri Human Rights Act.

Electronically Filed - City of St. Louis - May 16, 2019 - 12:52 PM

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count IV – Retaliation/Hostile Work Environment

44. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

45. Plaintiff opposed discrimination, and therefore is a member of a protected group.

46. Plaintiff was subjected to unwelcome harassment during her employment with Defendant.

47. This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform her job duties and caused her great emotional distress.

48. Defendant did not try to correct the harassing behavior despite knowing about it.

49. The harassment Plaintiff has endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of her employment.

50. Plaintiff believes that her work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

51. Plaintiff's opposition to discrimination was a motivating factor to Defendant's discriminatory actions against Plaintiff.

52. Plaintiff was damaged as a result of Defendant's actions.

53. Defendant's conduct of allowing a hostile work environment was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count V – Race/Hostile Work Environment

54. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

55. Plaintiff is African-American, and therefore is a member of a protected group.

56. Plaintiff was subjected to unwelcome harassment during her employment with Defendant.

57. This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform her job duties and caused her great emotional distress.

58. Defendant did not try to correct the harassing behavior despite knowing about it.

59. The harassment Plaintiff has endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of her employment.

60. Plaintiff believes that her work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

61. Plaintiff's race was a motivating factor to Defendant's discriminatory actions against Plaintiff.

62. Plaintiff was damaged as a result of Defendant's actions.

63. Defendant's conduct of allowing a hostile work environment was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

### Count VI – Gender/Hostile Work Environment

64. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

65. Plaintiff is female, and therefore is a member of a protected group.

66. Plaintiff was subjected to unwelcome harassment during her employment with Defendant.

Electronically Filed - City of St. Louis - May 16, 2019 - 12:52 PM

67. This unwelcome harassment adversely affected Plaintiff's employment, because the hostile environment made it difficult for Plaintiff to perform her job duties and caused her great emotional distress.

68. Defendant did not try to correct the harassing behavior despite knowing about it.

69. The harassment Plaintiff has endured is and was severe and pervasive such that it created an intimidating, hostile and offensive work environment, such that it affected a term, condition or privilege of her employment.

70. Plaintiff believes that her work environment was hostile and abusive, and, moreover, a reasonable person in Plaintiff's position would also find the work environment to be hostile and abusive.

71. Plaintiff's gender was a motivating factor to Defendant's discriminatory actions against Plaintiff.

72. Plaintiff was damaged as a result of Defendant's actions.

73. Defendant's conduct of allowing a hostile work environment was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally allowed the hostile work environment to continue, and did not rectify the situation despite having actual knowledge of the situation.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

Electronically Filed - City of St. Louis - May 16, 2019 - 12:52 PM

Respectfully submitted,

PONDER ZIMMERMANN LLC

By  /s/ Douglas B. Ponder
    Douglas Ponder, #54968
    dbp@ponderzimmermann.com
    Jaclyn M. Zimmermann, #57814
    jmz@ponderzimmermann.com
    20 South Sarah Street
    St. Louis, MO  63108
    Phone:     314-272-2630
    FAX:        314-272-2713
    *Attorneys for Plaintiff*

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division: REX M BURLISON | Case Number: 1922-CC00999 | |
|---|---|---|
| Plaintiff/Petitioner: JAZ'MIN FRANKS | Plaintiff's/Petitioner's Attorney/Address DOUGLAS BRIAN PONDER 20 SOUTH SARAH ST ST LOUIS, MO 63108   54968 | |
| vs. | Court Address: CIVIL COURTS BUILDING 10 N TUCKER BLVD SAINT LOUIS, MO 63101 | |
| Defendant/Respondent: GUCKENHEIMER ENTERPRISES, INC. | | |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: GUCKENHEIMER ENTERPRISES, INC.
Alias:
NATIONAL CORP RESEARCH LTD
9666 OLIVE BLVD STE 690
ST. LOUIS, MO 63132


13 Deposed

**ST LOUIS COUNTY SHERIFF**

COURT SEAL OF
CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

May 16, 2019                                    _Thomas Kloeppinger_
_____                                 _____
Date                                            Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: Sue (name) Secretary (title).
☐ other: _____
Served at 9666 Olive #690 (address)
in St Louis (County/City of St. Louis), MO, on 5/28/19 (date) at 2:35 (time).

Scott DeRosso                             _signature_
_____                           _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                       Date                Notary Public

**Sheriff's Fees, if applicable**
Summons           $_____
Non Est           $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage           $_____  (_____ miles @ $._____ per mile)
Total             $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

19-SMCC-4557

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 19-SMCC-7685    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC00999 | |
| Plaintiff/Petitioner:<br>JAZ'MIN FRANKS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DOUGLAS BRIAN PONDER<br>20 SOUTH SARAH ST<br>ST LOUIS, MO  63108 | |
| Defendant/Respondent:<br>GUCKENHEIMER ENTERPRISES, INC. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: GUCKENHEIMER ENTERPRISES, INC.
                       Alias:
NATIONAL CORP RESEARCH LTD
9666 OLIVE BLVD STE 690
ST. LOUIS, MO  63132

**ST LOUIS COUNTY SHERIFF**



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**May 16, 2019**                                    _Thomas Kloeppinger_
_____         _____
Date                                                                 Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
     Printed Name of Sheriff or Server                          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____     _____
                                             Date                                                             Notary Public

**Sheriff's Fees, if applicable**
Summons                           $_____
Non Est                           $_____
Sheriff's Deputy Salary
Supplemental Surcharge            $____10.00_____
Mileage                           $_____  (_____ miles @ $._____ per mile)
**Total**                         $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 19-SMCC-7685**     1 of 1         Civil Procedure Form No. 1; Rules 54.01 – 54.05,
                                                                                          54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**STATE COURT DOCKET SHEET**

*Jaz'Min Franks v. Guckenheimer Enterprises, Inc.*
Case No. 1922-cc00999
As of June 27, 2019

---

**1922-CC00999 - JAZ'MIN FRANKS V GUCKENHEIMER ENTERPRISES INC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending    Display Options: All Entries

**05/31/2019**  ☐ **Corporation Served**
Document ID - 19-SMCC-7685; Served To - GUCKENHEIMER ENTERPRISES, INC.; Server - ; Served Date - 28-MAY-19; 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - RECEIVED BY SUE

☐ **Notice of Service**
19-SMCC-7685; Electronic Filing Certificate of Service.

**05/29/2019**  ☐ **Jury Trial Scheduled**
Scheduled For: 11/12/2019;  9:00 AM ;  REX M BURLISON;  City of St. Louis

**05/16/2019**  ☐ **Summons Issued-Circuit**
Document ID: 19-SMCC-7685, for GUCKENHEIMER ENTERPRISES, INC..

☐ **Filing Info Sheet eFiling**
Filed By: DOUGLAS BRIAN PONDER

☐ **Note to Clerk eFiling**
Filed By: DOUGLAS BRIAN PONDER

☐ **Pet Filed in Circuit Ct**
Petition for Damages; Exhibit 1.
Filed By: DOUGLAS BRIAN PONDER
On Behalf Of: JAZ'MIN FRANKS

☐ **Judge Assigned**

Case.net Version 5.14.0.11               Return to Top of Page