

December 18, 2017

Dear Jaz'Min Franks

We are so excited about you considering Guckenheimer as your new employer.

We are pleased to confirm our offer to you of employment with Guckenheimer.  Guckenheimer has a ninety-day introductory period for all employees. Your introductory period will be from 90 days after your date of hire and successful background check and pre-employment drug test (if applicable). The wage stated below is not subject to change upon completion of your introductory period.

Details regarding your offer of employment are listed below for your review:

| Position: | Exhibition/Specialty Cook |
|---|---|
| Rate of Pay: | $12.00 per hour (payable semi-monthly in accordance with our regular payroll practices) |
| First Day of Work: | TBD - Dependent upon successful completion of  background check and pre-employment drug test (if applicable) |
| Report to: | Heather Stone 314.226.3820 |
| Work Location: | St. Louis Catering Ops<br>4476 Choteau Ave.<br>1st Floor<br>St. Louis MO 63110 |
| Area Manager: | Scott Werner |
| HR Manager: | Cindy Zemke |
| Safety Shoes: | All employees are required to wear approved safety shoes.  You will be reimbursed $50.00 through payroll for your one free pair of shoes which have met requirement and approved by your manager.  You may purchase safety shoes from Shoes For Crews or other black, closed toe, leather or non-porous material, and non-slip sole shoes. **  Please bring unworn shoes with you on your first day of work to be inspected by your manager.  Please do not wear the shoes until they have been approved by your manager in case you need to return or exchange them. |
| Performance Review: | Annually as per Guckenheimer Policy |
| Benefits including Health Insurance: | Full-time employees who work an average of 30 or more hours a week are eligible for health insurance the first of the month following 60 days from start date.  Please note your benefit enrollment/waiver form must be completed and submitted prior to your effective / eligibility date.  Enrollment after your eligibility date, in general, is not accepted. |

This offer of employment is contingent upon the following:
1. Your electronic acknowledgment signature and date on this letter, indicating your acceptance of this offer of employment.
2. Satisfactory results from any background and reference checks.
3. Satisfactory results from drug test (if applicable).



EXHIBIT A

4. Documentation verifying your identity and legal authority to work in the United States no later than three business days after the date you commence work at your assigned location.  Guckenheimer utilizes E-Verify for this process.
5. Your review of the enclosed *Dispute Resolution Agreement*, which provides that unless you timely opt out of arbitration, as the *Dispute Resolution Agreement* provides, all disputes related to your employment, including your employment termination, as well as any unlawful discrimination or unlawful harassment (including sexual harassment), will be resolved through binding arbitration.  Only an arbitrator, not a judge or a jury, will resolve such disputes.  Please read the below agreement for more information. You agree to Guckenheimer Dispute Resolution Agreement with your signature acknowledgment on this agreement.

If you accept this offer of employment, you are provided a copy of and must abide by Guckenheimer's Employee Handbook and benefit plan documents which will describe more fully these and other benefits of your employment, as well as the personnel policies and procedures which apply to employment with Guckenheimer.

Employment with Guckenheimer is "at will."  This means that employment is not for a specific term and can be terminated by you or by the Company at any time for any reason, with or without cause.  The at will employment relationship also means that this employment offer, your job duties, title, responsibilities, reporting level, compensation and benefits, work location (assignment), as well as any other terms and conditions of employment (with the exception of the employment at will policy and the Dispute Resolution Agreement), may be modified or rescinded at any time in the sole discretion of Guckenheimer.  This is the full and complete agreement between us on this term of your employment.  Any contrary representations which may have been made or which may be made to you are superseded by this offer.  Any modification of this term must be in writing and signed by you or your authorized representative and the CEO or his/her designee.

Guckenheimer feels your abilities and experience will enhance and benefit our Team.   In turn, we hope Guckenheimer can provide you with opportunities and professional growth that commensurate with your personal performance in the job.

We are happy you are joining the Guckenheimer family and trust that you will contact us if there is anything we can do to assist you prior to and/or during your employment.  If you accept this offer and the Dispute Resolution Agreement, please check the box at the bottom of this offer letter.  Unless you accept on or before **December 23, 2017**, this offer will expire.

Sincerely,

*The Guckenheimer Human Resources Team*


**DISPUTE RESOLUTION AGREEMENT**

1.  How This Agreement Applies
This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce.  This Agreement applies to any dispute arising out of or related to Employee's employment with Guckenheimer Enterprises, Inc. or one of its affiliates, successor, subsidiaries or parent companies ("Company") or termination of employment and survives after the employment relationship terminates.  Nothing contained in this Agreement shall be construed to prevent or excuse Employee or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration.  This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial.  Except as this Agreement otherwise provides in paragraph 5, below, such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, including the enforceability, revocability or validity of the Agreement or any portion of the Agreement.

Except as it otherwise provides, this Agreement also applies, without limitation, to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age

Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state and federal statutory and common law claims.

2.  Limitations On How This Agreement Applies
This Agreement does not apply to claims for workers' compensation, state disability insurance and unemployment insurance benefits.

Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits such an agency to adjudicate a claim notwithstanding the existence of an agreement to arbitrate.  Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

Disputes that may not be subject to a pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Agreement, any other Act of Congress, or in a valid, lawful and enforceable Executive Order.

This Agreement shall not be construed to require the arbitration of any claims against a contractor that may not be the subject of a mandatory arbitration agreement as provided by section 8116 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2010 (Pub. L. 111-118), section 8102 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2011 (Pub. L. 112-10, Division A), and their implementing regulations, or any successor DoD appropriations act addressing the arbitrability of claims.

3.  Selecting The Arbitrator and Location of the Arbitration
The Arbitrator shall be selected by mutual agreement of the Company and the Employee.  Unless the Employee and Company mutually agree otherwise, the Arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted.  If the parties cannot agree on an Arbitrator, then an arbitrator will be selected using the alternate strike method from a list of five (5) neutral arbitrators provided by JAMS (Judicial Arbitration & Mediation Services).  Employee will have the option of making the first strike.  If a JAMS arbitrator is used, then the JAMS Employment Arbitration Rules will apply.  A copy of those rules may be obtained from the VP Human Resources, or online at http://www.jamsadr.com/rules-employment-arbitration/, or by using an online browser such as Google to search for "JAMS employment arbitration rules," or by calling JAMS at 800.352.5267. The location of the arbitration proceeding shall be no more than 45 miles from the place where the Employee last worked for the Company, unless each party to the arbitration agrees in writing otherwise.

4.  Starting The Arbitration
All claims in arbitration are subject to the same statutes of limitation that would apply in court.  The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period.  The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the VP Human Resources at 1850 Gateway Drive, Suite, 500, San Mateo, CA 94404. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.  A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

5.  How Arbitration Proceedings Are Conducted And Class, Collective and Private Attorney General Waivers

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator. At a party's request or on the Arbitrator's own initiative, the Arbitrator may subpoena witnesses or documents for discovery purposes or for the arbitration hearing.

You and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis. Accordingly,

(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver").  The Class Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) a civil court of competent jurisdiction finds the Class Action Waiver is unenforceable.  In such instances, the class action must be litigated in a civil court of competent jurisdiction.
(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action Waiver").  The Collective Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a collective action and (2) a civil court of competent jurisdiction finds the Collective Action Waiver is unenforceable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction.
(c) There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general representative action ("Private Attorney General Waiver").  The Private Attorney General Waiver shall be severable from this Agreement in any case in which a civil court of competent jurisdiction finds the Private Attorney General Waiver is unenforceable. In such instances and where the claim is brought as a private attorney general, such private attorney general claim must be litigated in a civil court of competent jurisdiction.
Although an Employee will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims.

Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is invalid, unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

The Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

6.  Paying For The Arbitration
Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator.

7.  The Arbitration Hearing And Award
The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard.  Within 30 days of the close of the arbitration hearing, or within a longer period of time as agreed to by the parties or as ordered by the Arbitrator, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief.  The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement.  The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.  Except as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of

all parties.  A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

8.  An Employee's Right To Opt Out Of Arbitration

Arbitration is not a mandatory condition of Employee's employment at the Company, and therefore an Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement.  The Employee must submit a signed and dated statement on a "Dispute Resolution Agreement Opt Out Form" ("Form") that can be obtained from the VP Human Resources or by submitting to Human Resources a written notice stating that the Employee is opting out of this Agreement.  In order to be effective, the signed and dated Form or other written notice must be returned to the VP Human Resources 1850 Gateway Drive, Suite, 500, San Mateo, CA 94404 within 30 days of the Employee's receipt of this Agreement.  An Employee who timely opts out as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement.  Should an Employee not opt out of this Agreement within 30 days of the Employee's receipt of this Agreement, continuing the Employee's employment constitutes mutual acceptance of the terms of this Agreement by Employee and the Company.  An Employee has the right to consult with counsel of the Employee's choice concerning this Agreement.

9.  Non-Retaliation

It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the VP Human Resources.

10.  Enforcement Of This Agreement

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes.  Except as stated in paragraph 5, above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.  If the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.


**AGREED:**

By Clicking the "ACCEPT OFFER" box, I agree to Guckenheimer Dispute Resolution Agreement

**This offer was accepted on 12/19/2017 2:36:15 PM.**

**Electronically signed by: Jaz'Min B Franks**

**E-Signature IP Address: 2600:6c40:200:e95:0:3c50:3ac6:78ea**