IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAZ'MIN FRANKS**, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **GUCKENHEIMER** ) <br> **ENTERPRISES, INC.**, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 4:19-cv-01845 |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO STAY THE CASE AND COMPEL ARBITRATION**

**I.     Introduction.**

Plaintiff is a former employee of Defendant.  Plaintiff filed a Petition for Damages alleging discrimination against Defendant under the Missouri Human Rights Act in Missouri state court, and said action has been removed to this Court.  Defendant has filed a Motion to Dismiss or In The Alternative To Stay the Case and Compel Arbitration.  (Doc. #6.)  Defendant argues that it and Plaintiff entered into a valid arbitration agreement such that this case should be decided before an arbitrator.  As explained below, because well-established Missouri law addressing the formation of a contract establishes the parties did not both accept the purported arbitration agreement, Defendant's Motion should be denied.

**II.    Argument.**

    **A.     Applicable Law.**

Defendant acknowledges in its Memorandum In Support of its Motion to Dismiss Or In The Alternative To Stay the Case and Compel Arbitration that this Court looks to Missouri contract

1

law to determine if there is a valid arbitration agreement in this case. (Doc. #7, p. 3.) Under Missouri law, a contact requires an offer, acceptance, and bargained for consideration. Baier v. Darden Restaurants, Inc., 420 S.W.3d 733, 738-39 (Mo. App. 2014). Moreover, a bilateral contract (an agreement containing mutual promises between two parties) requires acceptance from both parties. Id. The party asserting a valid contact bears the burden of proving the foregoing elements. Id.

### B. The Parties Did Create an Arbitration Agreement Because Both Parties Did Not Accept The Proposed Arbitration Agreement.

The undisputed evidence provided by Defendant establishes a contract was not formed, as Defendant never accepted the proposed bilateral contract. The purported agreement was not signed, initialed, acknowledged, or otherwise accepted by anyone from Defendant. This alone can be sufficient to conclude the parties never formed an arbitration agreement.

In addition, another factor demonstrates a lack of acceptance by Defendant of the purported arbitration agreement. Here, the purported arbitration agreement is preceded by an offer letter setting forth the details of Plaintiff's employment. With regard to the purported arbitration agreement, which is referred to in the offer letter as a Dispute Resolution Agreement, the offer letter states as follows:

> This offer of employment is contingent upon the following:
>
> …
>
> 5. Your review of the enclosed Dispute Resolution Agreement, which provides that unless you timely opt out of arbitration, as the Dispute Resolution Agreement provides, all disputes related to your employment, including your employment termination, as well as any unlawful discrimination or unlawful harassment

2

>(including sexual harassment), will be resolved through binding arbitration.  Only an arbitrator, not a judge or jury, will resolve such disputes.  Please read the below agreement for more information.  You agree to Guckenheimer Dispute Resolution Agreement with your signature acknowledgment on this agreement.

This section makes clear that the Guckenheimer Dispute Resolution Agreement is a proposal separate and distinct from the terms of Plaintiff's employment, which can be accepted by Plaintiff by signing the acknowledgment and not opting out of the Dispute Resolution Agreement. However, it makes no reference to acceptance of the Dispute Resolution Agreement by Defendant, and Defendant has failed to provide any other evidence suggesting it somehow accepted the agreement after Plaintiff signed the acknowledgment.  Thus, by accepting the offer letter, Plaintiff created an agreement with respect to the terms of her employment as set forth in the offer letter, but without an additional acceptance by Defendant of the attached Guckenheimer Dispute Resolution Agreement, that agreement remains a proposed bilateral contact that was not accepted by both parties.  Moreover, the offer letter, by indicating that only "[y]ou agree to Guckenheimer Dispute Resolution Agreement with your signature acknowledgment on this agreement," and not indicating Defendant would be bound by Plaintiff's signature acknowledgement, provides strong evidence that Defendant never intended to be bound by the purported Dispute Resolution Agreement.[1]

---

[1] Two orders authored by Missouri trial courts addressing this precise issue are attached hereto as Exhibits 1 and 2.  In both cases, the court found a purported arbitration agreement was not created because the defendant employer did not sign the agreement and therefore did not accept it as required to form a bilateral contract under Missouri law.

3

**III.** **Conclusion**.

Based on the arguments set forth above, Defendant's Motion should be denied.

    Respectfully submitted,

    PONDER ZIMMERMANN LLC

    By   /s/ Douglas B. Ponder
       Douglas Ponder, #54968MO
       dbp@ponderzimmermann.com
       Jaclyn M. Zimmermann, #57814MO
       jmz@ponderzimmermann.com
       20 South Sarah Street
       St. Louis, MO  63108
       Phone:    314-272-2621
       FAX:     314-272-2713
       Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2019, a copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all attorneys of record in this matter.

    /s/ Douglas B. Ponder
    An Attorney for Plaintiff