# IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

CAROLENE ALEXANDER,               )
                                  )
     Plaintiff,            )
                                  )     Cause No. 17SL-CC04609
     vs.                   )
                                  )     Division 14
DES PERES HOSPITAL, INC.,         )
                                  )
     Defendant.            )
                                  )

**F I L E D**

DIV.  MAY - 2 2018   14

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## MEMORANDUM AND ORDER

Before the court is the motion of defendant, Des Peres Hospital, Inc. [DPH], to compel arbitration in lieu of litigation and either stay or dismiss the pending proceedings in Circuit Court.  The court takes judicial notice of its file.  The court considers the arguments and precedents cited to it; both parties having well briefed the issues.  Being fully advised, the court hereby makes the following findings and orders.

Plaintiff Carolene Alexander is a former employee of DPH.  She has filed a petition in Circuit Court, alleging violations of the Missouri Human Rights Act.  When plaintiff began her employment with DPH, she signed documents called the "Fair Treatment Process," (FTP), which is a dispute resolution process including arbitration.  Defendant DPH argues that this FTP requires Ms. Alexander to arbitrate, rather than litigate, her employment claims. Additionally, DPH argues that the arbitration agreement in the FTP has provisions which delegate the authority to address any challenges to the validity of the arbitration agreement to an arbitrator.

In order to find that there is a valid arbitration requirement or a delegation clause which binds plaintiff, this court must find that a contract was formed between the parties.  As plaintiff



PLAINTIFF'S
EXHIBIT

1

accurately notes, Missouri law requires that a contract contain an offer, acceptance and bargained-for consideration. *Baier v. Darden Restaurants, Inc.*, 420 S.W.3d 733, 738-39 (Mo. App. 2014).    Further, a bilateral contract requires acceptance from both parties. *Id.*. Defendant, as the party asserting the existence of a valid contract, bears the burden of proof on these issues. *Id.*   The court finds that defendant DPH has not met this burden.  The purported agreement was never signed or otherwise acknowledged by anyone from Tenet or DPH. Defendant's offer employment offer letter only binds plaintiff, not all parties, to the FTP which requires arbitration and delegation.   While a signature is not the only way to establish acceptance of the proposed terms of a bilateral contact, answering this question depends on the party's intent, which is fact-dependent.  Defendant argues that it manifests its intent to be bound by the contract when it seeks to enforce the contract's terms.  *Baier* rejects this argument. *Id., at* 740.

Based on the foregoing, as well as on the other arguments put forth by plaintiff, the court hereby DENIES defendant's motion to compel arbitration and stay or dismiss these proceedings.

SO ORDERED:

_____   5-2-18

Kristine Allen Kerr
Circuit Judge, Division 14

cc: to all parties, through counsel of record, via the court's electronic filing system.