STATE OF MISSOURI  )
                   ) SS
CITY OF ST. LOUIS  )



FILED
DEC 2 6 2016
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE

### MISSOURI CIRCUIT COURT
### TWENTY-SECOND JUDICIAL CIRCUIT

DASHAWN OWENS,            )
                          )
        Plaintiff,        )
                          )   Case No. 1622-CC00665
        vs.               )
                          )   Division No. 31
DOLGENCORP, LLC, et al.,  )
                          )
        Defendants.       )

### ORDER

The Court has before it Defendants' Motion to Stay Proceedings, Compel Arbitration and to Dismiss. The Court now rules as follows.

Plaintiff brought this action under the Missouri Human Rights Act for disability discrimination and hostile work environment. Plaintiff alleges that he was wrongfully discriminated against and harassed due to his disability.

Defendants move to stay proceedings, for an order compelling Plaintiff to arbitrate his claims herein and to dismiss this lawsuit. Defendants contend that Plaintiff's claims are subject to a valid and enforceable arbitration agreement.

Plaintiff contends that the arbitration agreement is not enforceable because it was not signed or otherwise acknowledged



PLAINTIFF'S EXHIBIT
2

ENTERED
DEC 2 7 2016
AMK

by Defendants and that there is insufficient evidence that Plaintiff reviewed and acknowledged the agreement.

"Arbitration proceedings are favored and encouraged by the courts." BJC Health Sys. v. Group Health Plan, 30 S.W.3d 198, 201 (Mo. App. E.D. 2000). "The purpose of arbitration is to provide a speedy, efficient, and less expensive alternative to court litigation." Id. "As a general rule, courts should refrain from interfering with arbitration proceedings." Id.

"Under both the FAA and Missouri law, a written agreement to submit a present or future dispute to arbitration is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." McIntosh v. Tenet Health Systems Hosp., 48 S.W.3d 85, 89 (Mo. App. E.D. 2001)(citing 9 U.S.C. §2 (2000)).

When faced with a motion to compel arbitration, the motion court must determine whether a valid arbitration agreement exists and, if so, whether the specific dispute falls within the scope of the arbitration agreement. Dunn Indus. Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 427-28 (Mo. banc 2003). In making these determinations, the court should apply the usual rules of contract law. Netco, Inc., 194 S.W.3d 353, 357 (Mo. banc 2006). The party seeking to compel arbitration bears the

burden of proving the existence of a valid and enforceable arbitration agreement. Motormax Fin. Servs. Corp. v. Knight, 474 S.W.3d 164, 168 (Mo. App. 2015).

"[B]ilateral contracts are supported by consideration and enforceable when each party promises to undertake some legal duty or liability." Baker v. Bristol Care, Inc., 450 S.W.3d 770, 776 (Mo. banc 2014). "The conclusion that a bilateral contract has been formed is not self-evident when an offeree signs an unsigned proposal." Baier v. Darden Rests., 420 S.W.3d 733, 739 (Mo. App. W.D. 2014). "Rather, the absence of the offeror's signature on the proposal presents a question of fact, requiring the trial court to determine the offeror's intent, i.e., whether an 'offer' to enter into a bilateral contract was made, and thus whether the offeror intends to be bound if the unsigned proposal is accepted by the offeree." Id.

In this case it is uncontradicted that the arbitration agreement at issue did not include any signature or other form of acknowledgment by Defendants. Defendants have presented the Court with no evidence or argument from which it can determine that Defendants offered to enter into a bilateral agreement to arbitrate with Plaintiff and thus intended to be bound by the agreement. The Court finds that Defendants have not met their

initial burden to show that a valid arbitration agreement exists.

Accordingly the Court must deny Defendants' motion. This denial is without prejudice.

THEREFORE, it is Ordered and Decreed that Defendants' Motion to Stay Proceedings, Compel Arbitration and to Dismiss is hereby DENIED.

SO ORDERED:

_____
JOAN L. MORIARTY, Judge

Dated: 12/26/16

4