UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAZ'MIN FRANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19 CV 1845 RWS |
| | ) |
| GUCKENHEIMER ENTERPRISES, INC., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Jaz'min Franks is a former employee of Defendant Guckenheimer Enterprises, Inc. According to her complaint, Franks worked for Guckenheimer as a food prep worker from January 2, 2018 until April 15, 2018, when she resigned because she could no longer handle the work environment. In this lawsuit, Franks alleges Guckenheimer violated the Missouri Human Rights Act (§ 213 et seq RSMo.) by constructively discharging her and maintaining a hostile work environment on the bases of retaliation, race, and gender.

Guckenheimer has moved to dismiss or stay this case for arbitration based on a dispute resolution agreement ("Arbitration Agreement") Franks signed on December 19, 2017. [ECF No. 7-1] The Arbitration Agreement contains mutual promises between the parties to submit any disputes that otherwise would be resolved by a court of law to final and binding arbitration. The agreement is

governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq, and specifically applies to disputes arising under federal and state employment statutes.

Franks opposes sending the matter to arbitration on the ground that she does not have a valid arbitration agreement with Guckenheimer. She argues that the Arbitration Agreement does not indicate that Guckenheimer also intended to be bound by it, and that no representative of Guckenheimer signed the agreement. I find that the circumstances by which Franks entered into the Arbitration Agreement, and the terms of the agreement itself, clearly demonstrate that both parties intended to be bound.

"The essential elements of a valid contract include offer, acceptance, and bargained for consideration." Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988). "Offer and acceptance requires that the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time." Baier v. Darden Restaurants, 420 S.W.3d 733, 740–41 (Mo. Ct. App. 2014) (emphasis and internal citations omitted). Here, Guckenheimer offered the Arbitration Agreement to Franks as a part of her employment offer. The agreement contains bargained-for consideration; it provides that both Franks and Guckenheimer agree to submit all issues arising from Franks's employment to arbitration. Franks had the ability opt out of the Arbitration Agreement without

affecting her underlying employment offer. Franks chose to accept the agreement, as indicated by her digital signature at the bottom of it.

Franks notes that Guckenheimer did not also sign the Arbitration Agreement. However, the absence of Guckenheimer's signature at the bottom of the Arbitration Agreement is not conclusive evidence the company did not intend to be bound by the contract. In Missouri, "a signature is not the only way to establish acceptance of the proposed terms of a bilateral contract." Baier, 420 S.W.3d at 738. "Other evidence" can also "establish [a party's] assent to abide by the terms of the agreement." Id. In this case, the text of the employment agreement as well as the Arbitration Agreement make clear that that the Arbitration Agreement binds both parties, and that Guckenheimer intended to be bound by it.

First, Guckenheimer digitally signed the employment agreement that Guckenheimer offered Franks. That agreement lists, as a condition of employment, that Franks must "review the enclosed Dispute Resolution Agreement, which provides that unless you timely opt out of arbitration . . . *all* disputes related to your employment . . . will be resolved through binding arbitration." [ECF No. 7-1, p. 2] Second, the Arbitration Agreement contains numerous mutual promises binding Guckenheimer, including the following: "nothing contained in this Agreement shall be construed to prevent or excuse

Employee or the Company from utilizing the Company's existing internal procedures for resolution of complaints" [Id.]; "this agreement also applies, without limitation, to disputes regarding the employment relationship, *trade secrets, unfair competition . . .*" [Id.]; and "[t]he party bringing the claim must demand arbitration in writing and deliver the written demand . . . to the other party." [Id. at p. 3].

It is clear in this case that Guckenheimer offered Franks employment, including a separate Arbitration Agreement, that Franks accepted the dispute resolution agreement, that the dispute resolution agreement was supported by bargained-for consideration, and that both parties intended to be bound by the agreement. The Arbitration Agreement is binding on Franks, and she must submit her claims to arbitration.

Because of the Arbitration Agreement, Guckenheimer asks that I dismiss this case, or stay it in the alternative. While district courts may sometimes exercise their discretion and dismiss cases governed by a valid arbitration clause, "[t]he FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." Green v. SuperShuttle Intern., Inc., 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3). I will stay this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Guckenheimer's motion to stay this case and compel arbitration [6] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is stayed until the binding arbitration process is completed. The parties shall notify the Court of the completion of the arbitration process or any other development which would affect the stay of this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2019.